UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WALLACE BORSKI,

                Plaintiff,

      — against —

STATEN ISLAND RAPID TRANSIT,

                Defendant.
-------------------------------------------------------X

**MEMORANDUM and ORDER**

04 CV 3614 (SLT) (CLP)

**TOWNES, United States District Judge:**

      Plaintiff Wallace Borski ("Plaintiff" or "Borski") brings this action against Staten Island Rapid Transit Operating Authority ("SIRTOA" or "Defendant") alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, and New York State Executive Law § 296.[1] Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's motion is granted in part and denied in part.

### BACKGROUND

      The following facts are drawn from Plaintiff's complaint and are deemed to be true for the purpose of this motion to dismiss. Wallace Borski, a man, was employed with SIRTOA as a Senior Sub-Station Maintainer. (Compl. ¶¶ 2, 15.) While employed with SIRTOA, Borski alleges that he "became the target of unwarranted and unwelcome sexual innuendos." (Compl. ¶ 16.) Plaintiff also alleges that various "sexually explicit material was routinely passed around the Defendant's office." (Compl. ¶ 16.) According to Borski, his supervisor, Martin Gearns,

---

[1] In a letter to the Court, dated February 22, 2005, Plaintiff withdrew his claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Administrative Code of the City of New York.

"wrote derogatory, vile, and insulting material on company stationary and posted it on a bulletin board." (Compl. ¶ 18.) Plaintiff alleges that he "complained to Management regarding these various instances and advised Defendant of the harassment and discrimination he was routinely subjected to," but "Defendant failed to take any action with respect to Plaintiff's complaints." (Compl. ¶¶ 17, 19.) Plaintiff alleges that he then became the "victim of retaliation on a daily basis" due to his complaints to management. (Compl. ¶ 20.) Finally, Plaintiff alleges that "his work environment became so hostile and intolerable that Plaintiff was forced to resign from his position." (Compl. ¶ 21.) Plaintiff alleges that if Defendant had taken "action against the proper agents," the discriminatory treatment would have ceased. (Compl. ¶ 22.) Plaintiff alleges he was forced to retire on or about July 15, 2003. (Compl. ¶ 3.)

Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was received on January 26, 2004, alleging claims of sex discrimination and retaliation.[2] (*See* Pl. EEOC charge.) In support of his claims, Plaintiff attached the allegedly "vile and insulting materials" to his EEOC charge. These materials consist primarily of a series of cartoons. Some are sexual in nature and include advertisements for sexually explicit DVDs and phone sex services. Others include magazine photos altered to

---

[2] An aggrieved employee wishing to bring a Title VII claim in district court must file an administrative complaint with the EEOC within 300 days of the alleged discriminatory act. Borski filed his discrimination charge with the EEOC on January 26, 2004; thus, the limitations period in his case began on April 1, 2003.

In the case of a hostile work environment claim, the statute of limitations requires that only one sexually harassing act demonstrating the challenged work environment occur within 300 days of filing; once that is shown, the Court may consider "the entire time period of the hostile environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Borksi does not allege specific dates for the incidents he describes in his Complaint, although he said he was forced to resign on or about July 15, 2003. Because Defendants make no specific statute of limitations argument, for the purposes of analyzing Borski's sex discrimination claim, the Court will assume one sexually harassing act took place between April 1, 2003 and July 15, 2003, and therefore consider the entire time period of the hostile environment.

2

portray enlarged body parts. Several of the cartoons make fun of the way that Mr. Borski dresses, including some that insinuate he wears women's clothes. Other cartoons appear to be mocking Mr. Borski for being stupid, lazy and an office gossip, while others appear to mock him for his ethnicity (Polish). Plaintiff received a Notice of Right to Sue from the EEOC on May 25, 2004, and filed the instant action in August 2004.

## DISCUSSION

*A.*     *Legal Standard*

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept "as true the facts alleged in the complaint," *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., Inc.*, 32 F.3d 697, 699 (2d Cir. 1994), and may grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas v. City of New York*, 143 F.3d 31, 36-37 (2d Cir. 1998) (citations omitted). The question for the Court "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996) (internal quotation marks and citations omitted). All reasonable inferences are to be drawn in the plaintiff's favor. *Shah v. Meeker*, 435 F.3d 244, 248 (2d Cir. 2006).

While a plaintiff's allegations must provide the starting point for a Court's evaluation of a motion to dismiss, the Court may also consider documents attached to the complaint or incorporated by reference. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). In addition, the Court may consider allegations made in the EEOC charge and supporting materials. *See Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001) (noting that the

3

court would treat plaintiff's allegations in her EEOC affidavit as an integral part of her pleadings); *see also James v. Federal Reserve Bank of New York*, No. 01-1106, 2005 WL 1889859, at *1 n.2 (E.D.N.Y. Aug. 8, 2005) (noting that the court may consider EEOC charge when deciding motion to dismiss).

## B.     *Plaintiff's Sex Discrimination Claim*

Title VII of the Civil Rights Act of 1964 provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's. . . sex." 42 U.S.C. § 2000e-2(a)(1).[3] In *Meritor Savings Bank, FSB v. Vinson*, the Supreme Court made plain that Title VII's prohibition of sex discrimination extends to sexual harassment.[4] 477 U.S. 57, 63-68, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986); *see also Petrosino v. Bell Atlantic*, 385 F.3d 210, 220 (2d Cir. 2004).   To prevail on a claim of sexual harassment based on a hostile work environment, a plaintiff must establish: (1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his or her work environment; and (2) that a specific basis exists for imputing the

---

[3] The Court considers Borski's state law claim in tandem with his Title VII claim because New York courts rely on federal law when determining claims under the New York Human Rights Law. *Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170,1177 (2d Cir. 1996); *see also Soliman v. Deutsche Bank,* No. 03-104, 2004 WL 1124689, at *10, n.3. (S.D.N.Y. May 20, 2004) (evaluating plaintiff's state law claim in tandem with Title VII claim in same-sex harassment analysis)*; Reissner v. Rochester Gas & Elec. Corp.,* No. 02-6353, 2004 WL 941645, at *8 (W.D.N.Y. April 22, 2004) (same).

[4] Although Plaintiff alleges a claim of sex discrimination, his claim is properly construed as a sexual harassment claim.  Under Title VII, two forms of sexual harassment are recognized.  Quid pro quo harassment "involves the conditioning of concrete employment benefits on sexual favors," while hostile environment harassment does not involve economic benefits, but "creates a hostile or offensive working environment." *Meritor*, 477 U.S. at 62.  The allegations in Plaintiff's Complaint can be construed as a hostile environment claim.

conduct that created the hostile environment to the employer. *Petrosino*, 385 F.3d at 221.

In *Oncale v. Sundowner Offshore Services, Inc.*, the Supreme Court held that sex discrimination consisting of same-sex harassment is actionable under Title VII. 523 U.S. 75, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998). To show sex discrimination has occurred, a plaintiff alleging male-female or female-male harassment may take advantage of certain inferences which are not available in the same-sex context. *Ciccotto v. LCOR, Inc*., No. 99-11646, 2001 WL 514304, at *4 (S.D.N.Y Jan. 31, 2001). For example, where the challenged conduct involves explicit or implicit proposals of sexual activity, "it is reasonable to assume those proposals would not have been made to someone of the same sex." *Id*. (quoting *Oncale,* 523 U.S. at 81); *see also Blozis v. Mike Raisor Ford, Inc*., 896 F. Supp. 805, 807 (N.D. Ind. 1995) ("When a man touches a woman in a sexual manner, or asks her to have sexual relations with him, it can be assumed that he is doing so because she is a woman."). In same-sex harassment cases, however, similar inferences about a harasser's motivations may not be considered reasonable. *See Oncale*, 523 U.S. at 81 ("The same chain of inference would be available to a plaintiff alleging same-sex harassment, if there were credible evidence that the harasser was homosexual.").

In *Oncale*, the Supreme Court suggested three evidentiary routes to prove gender-based discrimination in a same-sex harassment case: (1) evidence that the harasser is homosexual and that the harassment is motivated by sexual desire; (2) evidence that the harasser was motivated by general hostility to employees of victim's sex; (3) comparative evidence that the harasser treated employees of both sexes differently. *Id*. at 80-81. Regardless of what evidentiary route Plaintiff chooses, he must "prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted '*discrimina[tion]* because of sex.'" *Id.* at 81

5

(emphasis in original) (ellipses omitted). In determining what is actionable under Title VII, the Supreme Court stressed the importance of distinguishing between harassment and discriminatory harassment in order to "ensure that Title VII does not become a general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998)).

Reviewing the record and construing all inferences in Plaintiff's favor, there are no allegations in the complaint which, even if proven true, would support a conclusion that such behavior was motivated by Plaintiff's gender. Nothing in the complaint suggests that Borski's supervisor, Martin Gearns, is homosexual or motivated by sexual desire. None of Plaintiff's allegations suggest that any of the alleged conduct was motivated by hatred of men or general hostility towards men, or that the harassers discriminated between men and women.[5] Plaintiff has failed to provide any evidence that the alleged conduct was based on his sex.

Plaintiff argues that he should not be precluded from redress because he works in an all-male environment. He argues that a workplace replete with sexual harassment, innuendo or other related conduct can offend a man or a woman in the same manner. Plaintiff's argument fails on two fronts. First, plaintiffs working in single-sex environments have never been prevented from redress under Title VII. *See Oncale,* 523 U.S. at 77, 82 (holding that plaintiff could bring same-sex harassment suit even though he worked in an all-male environment). Second, the Supreme Court has "never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words have sexual content or connotations." *Id*. at 80. "The critical issue is whether members of

---

[5] Indeed, Plaintiff states in his Opposition Brief that there were no women in his workplace. (Pl. Opp. at 5). It would therefore be impossible for him to show disparate treatment between men and women.

one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* (quoting *Harris v. Forklift Systems, Inc*. 510 U.S. 17, 25, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)).

Plaintiff has not made any allegations in his complaint that indicate that men at his workplace were exposed to disadvantageous terms or conditions of employment as compared with women, or that he was exposed to disadvantageous terms or conditions because he is a man. "A reasonable trier of fact might find such discrimination, for example, if a female victim is harassed in such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by general hostility toward women." *Oncale,* 523 U.S. at 80. Plaintiff has not alleged that here. Plaintiff's factual allegations in the Complaint, at best, establish personal animus against Mr. Borski by his co-workers and supervisors and not gender-based animus against men or animus towards Mr. Borski because he is a man.

Furthermore, Plaintiff's reliance on *Petrosino v. Bell* in support of his argument is misplaced. 385 F.3d 210 (2d Cir. 2004). In *Petrosino*, a female working in a predominantly male environment brought a sexual harassment claim against her employer. The working environment at issue was very sexually charged and described as being "more reminiscent of a locker room than a place of business." *Id.* at 214. Both men and women were exposed to profanity, offensive comments and sexually explicit graffiti on the job site. *Id*. The Second Circuit stated that the available evidence would permit a jury to conclude that a reasonable person, regardless of gender, would consider the sexually offensive comments and graffiti here at issue more offensive to women than to men and, therefore, discriminatory based on sex. *Id.* at 222-23. The Court based its reasoning on the fact that insults were directed at certain men, not

7

men as a group, whereas the depiction of women in the offensive jokes and graphics was uniformly sexually demeaning to women as a group and communicated the message that women as a whole were available for sexual exploitation by men. *Id*. In Plaintiff's case, however, the insults and demeaning remarks were not directed to men as a whole, but only to certain men, specifically Borski.

Courts in this circuit have dismissed sexual harassment claims outright when the alleged harassment did not relate to the plaintiff's gender. *See Ciccotto*, 2001 WL 514304, at *6-7. In the instant action, Plaintiff has not alleged any facts in the Complaint that indicate he was discriminated against because of his sex. Therefore, his sexual discrimination claim must be dismissed.

C.  *Plaintiff's Retaliation Claim*

Borski also asserts that Defendant retaliated against him in violation of Title VII, which provides that "[i]t shall be unlawful employment practice for an employer to discriminate against any of his employees...because [such employee] has opposed any practice made unlawful practice by this subchapter." 42 U.S.C. § 2000e-3(a).[6] "To establish a prima facie case of retaliation, an employee must show '[1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action.'" *Quinn v. Green Tree Credit*

---

[6] The Court considers Borski's state law retaliation claim in tandem with his Title VII claim because New York courts look to federal law when analyzing claims of retaliation under the New York Human Rights Law. *See Reed,* 95 F.3d at 1177.

*Corp.,* 159 F.3d 759, 769 (2d Cir. 1998) (quoting *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1308 (2d Cir. 1995)). At this stage of the case, the plaintiff is only required to give fair notice of the retaliation claim and the grounds upon which it rests in order to defeat the present motion. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *see also Baldwin v. LIJ North Shore Health Sys.*, 392 F. Supp. 2d 479, 483 (E.D.N.Y. 2005).

The Court finds that, at this stage, Plaintiff has sufficiently pled the first prong of a retaliation claim. For Plaintiff's conduct to constitute participation in a protected activity, it is enough that he has made "informal protests of discrimination, including making complaints to management," *Gregory*, 243 F.3d at 700-01, which Plaintiff alleges he has done. Defendants incorrectly argue that Plaintiff could not have been engaging in protected activity when he complained to management because his allegations of harassment did not make out a claim of sex discrimination. However, "an employment practice need not actually violate Title VII for the protected activities element of a retaliation claim to be satisfied. The plaintiff is only required to have had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII." *McMenemy v. City of Rochester,* 241 F.3d 279, 285 (2d Cir. 2001); *see also Wimmer v. Suffolk County Police Dep't*, 176 F.3d 125, 134 (2d Cir. 1999). Whether a plaintiff's belief is reasonable must be assessed in light of the totality of the circumstances. *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir. 1998). Drawing all inferences in Plaintiff's favor, the Court finds that Plaintiff's belief was reasonable.

Plaintiff has also properly pled the second element of a retaliation claim. An employment action is adverse if it causes an employee to endure a "materially adverse change"

in terms and conditions of his employment. *Galabya v. New York City Bd. Of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices...unique to a particular situation." *Id.* (quoting *Crady v. Liberty Nat. Bank and Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993)). Adverse employment actions may include an actual termination of the plaintiff's employment by the employer or a "constructive" discharge. *Fitzgerald v. Henderson*, 251 F.3d 345, 357 (2d Cir. 2001). Constructive discharge of an employee occurs when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit. *Chertkova v. Connecticut General Life Ins. Co.*, 92 F.3d 81, 89 (2d Cir. 1996). Plaintiff alleges that "his work environment became so hostile and intolerable that Plaintiff was forced to resign from his position." The Court construes this as a constructive discharge claim; therefore, Plaintiff has properly pled the second element of a retaliation claim.

As to the third element, the Court finds that additional discovery is appropriate to determine if any causal connection exists between Plaintiff's complaints of harassment and the adverse employment action. *See Washington v. Coney Island Hosp.*, No. 04-4096, 2006 WL 3337513, at *6 (E.D.N.Y. Oct. 31, 2006) (finding that Plaintiff should be given the opportunity to conduct discovery on whether a causal connection exists instead of dismissing retaliation claim on 12(b)(6) motion); *McCalla v. SUNY Downstate Medical Center*, No. 03-2633, 2006 WL 1662635, at *8 (E.D.N.Y. June 8, 2006) (finding that arguments on sufficiency of retaliation allegations more appropriate for summary judgment following discovery). At this

stage, under the standard set out in *Swierkiewicz*, the plaintiff is only required to give fair notice of the retaliation claim and the grounds upon which it rests. *See Leibowitz v. Cornell University*, 445 F.3d 586, 591 (2d Cir. 2006). The Court finds Plaintiff has done so. Therefore, Defendant's motion to dismiss Plaintiff's claim of retaliation is denied.

## CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss Plaintiff's discrimination claim is GRANTED and Defendant's motion to dismiss Plaintiff's retaliation claim is DENIED.

**SO ORDERED**.

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
December 11, 2006